# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2356

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Lee Brunson, also known as Michael Brunson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: August 5, 2026
Filed: August 10, 2026
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.

_____

PER CURIAM.

Michael Brunson, who was counseled below but is now proceeding pro se, appeals after a jury convicted him of drug offenses and the district court[1] sentenced him to life in prison. On appeal, Brunson challenges his conviction and his sentence.

_____

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

Upon careful review, we conclude that the district court did not plainly err by not sua sponte instructing the jury to disregard a witness's statement about Brunson robbing people, by admitting evidence obtained from the cooperation of a co-conspirator, or by admitting expert testimony about drug trafficking. See United States v. Sledge, 108 F.4th 659, 666-68 (8th Cir. 2024) (reviewing unobjected-to error for plain error; to prevail under plain-error review, defendant must show that the district court committed an error, the error is clear or obvious, and the error affected his substantial rights). We also conclude that the district court did not abuse its discretion by admitting evidence from a search of Brunson's hotel room that took place outside the time frame of the charged conspiracy. See United States v. Emmert, 825 F.3d 906, 909 (8th Cir. 2016) (reviewing evidentiary rulings for abuse of discretion).

We further conclude that Brunson did not show the government engaged in prosecutorial misconduct and that the district court did not abuse its discretion in denying his motion for a mistrial. See United States v. Wilkens, 742 F.3d 354, 361 (8th Cir. 2014) (to show reversible prosecutorial misconduct, the prosecutor's conduct must in fact have been improper, and conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial); United States v. Urqhart, 469 F.3d 745, 748-49 (8th Cir. 2006) (denial of motion for mistrial is reviewed for abuse of discretion).

As to Brunson's challenges to his sentence, we conclude that the district court correctly applied the Guidelines; and that the drug quantity and firearm, criminal livelihood, role, and obstruction enhancements were supported by the evidence presented at trial. See United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (construction and application of Guidelines are reviewed de novo; factual findings are reviewed for clear error). Finally, we conclude that the district court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for substantive

reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors). The record establishes that the district court adequately considered the sentencing factors listed in 18 U.S.C. § 3553(a). See United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014) (on appeal, within-Guidelines-range sentence may be presumed reasonable).

Accordingly, we affirm.

_____